**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE JAMES SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 CV 6782 |
| v. | ) | |
| | ) | District Judge Marvin E. Aspen |
| U.S. BANK N.A., as Trustee, on Behalf | ) | Magistrate Judge Young B. Kim |
| of the Holders of the J.P. Morgan | ) | |
| Mortgage Trust 2007-S3 Mortgage | ) | |
| Pass-Through Certificates, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Maurice James Salem ("Plaintiff") sued Defendant U.S. Bank ("Defendant") for breach of contract, under Illinois law, and a declaratory judgment under 28 U.S.C. §§ 2201–2202. Presently before us is Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons stated below, we grant Defendant's motion.

## BACKGROUND[1]

On February 21, 2014, Plaintiff entered into a written six-year residential lease agreement with non-parties Bassam and Roula Salman ("the Salmans") to become effective on August 21, 2014 and run through August 2020.[2] (Compl. ¶ 3.) According to the lease, Plaintiff

---

[1] The facts described herein are taken from the complaint and its supporting exhibits and are accepted as true for the purposes of this motion. *See Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] Less than six months prior to entering into the lease with Plaintiff, Mr. Salman was convicted of insider trading. (Mem. at 3.)

paid $3,000 a month in rent and the landlord was responsible for all repairs and maintenance on the property.  (*Id*.; Lease, Dkt. 3-1.)

On February 27, 2014, six days after Plaintiff entered into the lease with the Salmans, Defendant Bank filed a foreclosure action (*lis pendens*) against the Salmans.  (Compl. ¶ 4.)  A judgment of foreclosure and sale was entered on December 16, 2014 and an order approving sale of the property was entered on April 8, 2015.  (*Id*. ¶ 4.)

On March 30, 2015, Plaintiff sent a letter to Defendant concerning the status of his lease agreement following the recent foreclosure.  (*Id*. ¶ 5.)  In the letter, Plaintiff informed Defendant of the lease agreement, his intent to remain on the property, and enclosed a $3,000 check for his March rent payment.  (*Id*.)  Defendant did not respond.  (*Id*. ¶ 8.)

On April 8, 2015, Defendant placed a notice on the front and back of the property confirming the sheriff sale and providing contact information for Defendant's agent.  (*Id*. ¶ 6.)  In response to this notice, Plaintiff telephoned Defendant's agent.  (*Id*. ¶ 7.)  During the call, Plaintiff was informed that Defendant did not intend to honor the lease.  (*Id*.)  Plaintiff then wrote to Defendant, requesting that Defendant honor the lease and enclosing a second $3000 check for April rent.  (*Id*. ¶ 8.)  Defendant did not to respond, again, and did not cash the April rent check.  (*Id*.)  Finally on June 22, 2015, Plaintiff forwarded a certified letter return-receipt-request to Defendant asking Defendant to honor the lease, for the fourth time, and additionally requesting certain urgent repairs on the property in accordance with the "Repairs" section of the lease.  (*Id*. ¶ 9.)  When Defendant did not respond to Plaintiff's June correspondence, Plaintiff filed this action.

Plaintiff seeks an order directing specific performance and a declaratory judgment announcing that the subject lease is a "bona fide lease" that Defendant must honor. (*Id.* ¶¶ 15, 19.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson*, 300 F.3d at 753. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

## ANALYSIS

Plaintiff asserts a breach of breach contract claim and seeks a declaratory judgment.  We discuss each claim, in turn below.

## I.  Breach of Contract Claim (Count I)

### a.  Privity of Contract

Plaintiff alleges that Defendant breached its contract with Plaintiff by refusing to honor Plaintiff's lease on the foreclosed property and by failing to complete urgent repairs on the property.  (Compl. ¶ 15.)  Plaintiff seeks an order directing Defendant to honor the lease and "an order directing specific performance by having the Bank authorize the urgent repairs requested in Plaintiff's June 22, 2015 letter. . . ."  (*Id*. ¶ 15.)  Defendant argues that because it is not in privity of contract with Plaintiff, Defendant is in no way bound by the lease.  (Mem. at 2.)

Plaintiff's breach of contract claim is unique in that it concerns a lease entered into with a previous landlord prior to foreclosure.  It is undisputed that Defendant was not a party to the initial contract Plaintiff now seeks to enforce.  (Compl. ¶ 3.)  Typically, "[i]t goes without saying that a contract cannot bind a nonparty." *EEOC v. Waffle House Inc*., 534 U.S. 279, 294, 122 S. Ct. 754, 764 (2002).

However, Illinois law provides an exception to this general rule in the case of foreclosed properties. If a lessee enters into a "bona fide lease"[3] prior to foreclosure, Illinois statute binds the mortgagee to that lease. 735 ILCS 5/9-207.5(a).

According to 735 ILCS 5/9-207.5:

> (a) A mortgagee, receiver, holder of the certificate of sale, holder of the deed issued pursuant to that certificate, or, if no certificate or deed was issued, the purchaser at a judicial sale under Section 15-1507 of this Code, who assumes control of the residential real estate in foreclosure, as defined in Section 15-1225 of this Code, *may terminate a bona fide lease, as defined in Section 15-1224 of this Code, only: (i) at the end of the term of the bona fide lease, by no less than 90 days' written notice or* (ii) in the case of a bona fide lease that is for a month-to-month or week-to-week term, by no less than 90 days' written notice.

*Id.* (emphasis added).

We consider the threshold question first: whether Plaintiff has sufficiently plead that he entered into a "bona fide lease," binding Defendant to the contract under 735 ILCS 5/9-207.5. In his complaint, Plaintiff alleges that because he entered into his lease with the Salmans before the date of the filing of the *lis pendens*, his lease qualifies as "bona fide." (Compl. ¶ 14); *see also* 735 ILCS 5/15-1224(a)(4)(i) ("[T]he lease was entered into or renewed on or before the date of the filing of the lis pendens on the

---

[3] § 15-1224. Bona fide lease.
(a) For purposes of Sections 9-207.5, 15-1225, 15-1506, 15-1508, and 15-1701 of this Code only, the term "bona fide lease" means a lease of a dwelling unit in residential real estate in foreclosure for which:
(1) the mortgagor or the child, spouse, or parent of the mortgagor is not the tenant;
(2) the lease was the result of an arms-length transaction; and
(3) the lease requires the receipt of rent that is not substantially less than fair market rent for the property or the rent is reduced or subsidized pursuant to a federal, State, or local subsidy; and
(4) either (i) the lease was entered into or renewed on or before the date of the filing of the lis pendens on the residential real estate in foreclosure pursuant to Section 2-1901 of this Code or (ii) the lease was entered into or renewed after the date of the filing of the lis pendens on the residential real estate in foreclosure and before the date of the judicial sale of the residential real estate in foreclosure, and the term of the lease is for one year or less.
735 ILCS 5/15-1224.

residential real estate in foreclosure pursuant to Section 2-1901 of this Code."). Plaintiff does not, however, address the three other statutorily provided elements of a "bona fide lease." Based on the entirety of his complaint, we assume that Plaintiff is not "the mortgagor or a parent, spouse or child of the mortgagor," and thus satisfies (a)(1) of the statutory definition. 735 ILCS 5/15-1224(a)(1). Plaintiff, however, does not allege that "the lease was the result of an arm's length transaction" or that his $3,000 monthly rent payments are "not substantially less than fair market rent for the property." 735 ILCS 5/15-1224(a)(2)–(3).

For the reasons set forth above, we find that while Illinois law carves out an exception to the general rule concerning nonparties to contracts in the case of foreclosed properties, Plaintiff has not sufficiently alleged that his lease was a "bona fide lease," as defined by statute.

### b. Plaintiff's Requested Remedies

Even if Plaintiff had sufficiently alleged that his lease was "bona fide," we find that the relief Plaintiff requests for his breach of contract claim, specific performance, is inappropriate.[4]

Under Illinois law, a tenant has various remedies available on breach of a landlord's covenant to repair. The tenant may (1) abandon the premises if they become untenantable by reason of the breach, (2) remain in possession and recoup damages in an action for rent, (3) make the repairs and deduct the cost from the rent or sue the landlord

---

[4] First, we note that for his breach of contract claim, Plaintiff seeks what appears to be a declaratory judgment "directing the Bank to honor the subject Lease Agreement." (Compl. ¶ 15.) Because Plaintiff files a separate claim (Count II) seeking the same declaration, we treat the request for declaratory judgment in Count I as duplicative and will discuss the declaratory judgment referenced in Count I in our analysis of Count II (declaratory judgment).

for the cost, or (4) sue the landlord for breach of the covenant and recover the damages usually measured by the difference between the rental value of the premises in repair and out of repair.  *Am. Nat. Bank and Trust Co. of Chi. v. K-Mart Corp*., 7171 F.2d 394, 398 (7th Cir. 1983) (internal citations omitted).  In his complaint, Plaintiff does not rely on any of the aforementioned remedies typically available to tenants.  Instead, Plaintiff seeks specific performance.  (Compl. ¶ 15.)  However, "specific performance is an exceptional remedy and is normally available only when damages constitute an inadequate remedy." *TAS Distributing Co. Inc*. *v. Cumins Engine Co. Inc.,* 491 F.3d 625, 637 (7th Cir. 2007); *see also Miller v. LeSea Broad. Inc*., 87 F.3d 224, 230 (7th Cir. 1996) (finding that the "normal remedy for breach of contract is an award of damages" and that an "exception comes into play when damages are an inadequate remedy"); *Abrams v. Rapoport*, 163 Ill. App. 3d 748, 753, 516 N.E.2d 943, 946–47 (1st Dist. 1987) (holding that "plaintiffs were not entitled to specific performance, since there was no indication that the legal remedy would be inadequate or insufficient").

Here, we find that an order directing specific performance would be unnecessary in light of the conventional remedies available at law.  Plaintiff alleges that his requested repairs are "urgent."  (Compl. ¶ 15.)  Despite the alleged urgent need for emergency repairs, Plaintiff has made no attempt to make the repairs on his own and seek damages for his costs, a conventional remedy available to him at law.  Instead of making the repairs he labeled as "urgent" in June, six-months later, Plaintiff asks us to order Defendant to act.

Because we find that the remedies available at law are adequate, and because Plaintiff has offered no reason to suggest otherwise, we deny Plaintiff's request for an order directing specific performance.

## II.  Declaratory Judgment (Count II)

Along with his breach of contract claim, Plaintiff seeks a declaratory judgment finding his lease "bona fide" and an order directing Defendant that it must honor it. (Compl. ¶ 18.)

To survive a motion to dismiss a declaratory judgment action, Plaintiff must "present a cause of action under the Declaratory Judgment Act." *Chi. Metallic Mfg. Co. v. Edward Katzinger Co*., 123 F.2d 518, 519 (7th Cir. 1941); *The Cincinnati Ins. Comp. v. Berkshire Refrigerated Warehousing, LLC*, — F. Supp. 3d —, 2015 WL 7776931, at *2 (N.D. Ill. Dec. 3, 2015) (finding that at the motion to dismiss phase, it is premature to analyze whether declaratory judgment should be granted; the court looks only to the sufficiency of the complaint).

In this case, as addressed above, Plaintiff seeks a declaration under 735 ILCS 5/15-1224.  Because we find that Plaintiff has not sufficiently plead the elements of a "bona fide lease" outlined in 735 ILCS 5/15-1224, Plaintiff has failed to "allege facts to make it plausible" that his lease is bona fide.  *The Cincinnati Ins. Comp*., 2015 WL 7776931, at *3.  Accordingly, Count II is dismissed.

**CONCLUSION**

For the reasons discussed in detail above, we grant Defendant's motion to dismiss.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: January 19, 2016
        Chicago, Illinois