# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAURICE JAMES SALEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 CV 6782 |
| v. ) | |
| ) | District Judge Marvin E. Aspen |
| U.S. BANK N.A., as Trustee, on Behalf ) | Magistrate Judge Young B. Kim |
| of the Holders of the J.P. Morgan ) | |
| Mortgage Trust 2007-S3 Mortgage ) | |
| Pass-Through Certificates, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Maurice James Salem ("Plaintiff") sued Defendant U.S. Bank ("Defendant") for breach of contract under Illinois law and a declaratory judgment under 28 U.S.C. §§ 2201–2202. On January 19, 2016, we granted Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See* Order (Dkt. No. 31) at 1.) Presently before us is Plaintiff's motion for leave to file an amended complaint. (*See* Dkt. No. 32.) For the reasons stated below, we grant in part and deny in part Plaintiff's motion.

## BACKGROUND

As the facts presented in this case are set forth in our previous Order, we need not repeat them here. (*See* Order (Dkt. No. 31) at 1–3.) Briefly, Plaintiff brings this action against Defendant Bank based on a written six-year residential lease agreement Plaintiff entered into with non-parties Bassam and Roula Salman ("the Salmans") just six days prior to Defendant foreclosing on the residential property. In his initial two-count complaint, Plaintiff sought an

order directing specific performance for a breach of contract (Count I) and a declaratory judgment (Count II) announcing that the subject lease was a "bona fide lease" that Defendant must honor. (*See* Compl. ¶¶ 15, 19.) We dismissed Plaintiff's breach of contract claim because Plaintiff failed to sufficiently allege that the lease at issue was "bona fide" according to controlling Illinois law.[1] (*See* Order (Dkt. No. 31) at 6.) Because Plaintiff's complaint failed to allege that his lease was "bona fide," we also dismissed his declaratory judgment claim. (*Id*. at 8.) Additionally, we noted that Plaintiff's request for specific performance was an inappropriate remedy for a breach of contract claim. (*Id*. at 6.)

## STANDARD OF REVIEW

A motion to amend a complaint before trial is governed by Federal Rule of Civil Procedure 15(a). Fed. R. Civ. P. 15(a). Under Rule 15(a)(2), as relevant here, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule mandates that "leave shall be freely given when justice so requires." *Id*. Accordingly, in the absence of any reason—including undue delay, bad faith, dilatory motive, repeated failure to cure pleading deficiencies, undue prejudice to the nonmovant, or futility of amendment—"the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *King v. Kramer*, 763 F.3d 635, 643–44 (7th Cir. 2013); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined[,] . . . or could not withstand a motion to dismiss." *Bowers v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal citations omitted). The

---

[1] In his initial complaint, Plaintiff did not allege that the subject lease was the result of an arm's length transaction or that Plaintiff's $3,000 monthly rent payments were not substantially less than market value. (*See* Order (Dkt. No. 31) at 5–6.)

grant or denial of a motion under Rule 15 is entrusted to our sound discretion. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014); *King*, 763 F.3d at 644; *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

## ANALYSIS

In his amended complaint, Plaintiff again asserts a breach of breach contract claim (Count I) and seeks a declaratory judgment (Count II). We discuss each claim, in turn below.

**I. Breach of Contract Claim (Count I)**

In the amended complaint, Plaintiff now alleges "that the lease was the result of an arm's length transaction and that $3,000 monthly rent payments are not substantially less than fair market rent for the property." (*See* Am. Compl. at 1.) Based on these allegations, we find that Plaintiff has cured the threshold defect in his initial complaint and sufficiently alleges that he entered into a "bona fide lease"[2] according to 735 ILCS 5/9-207.5(a). (*See* Order (Dkt. No. 31) at 5–6.)

---

[2] § 15-1224. Bona fide lease.
(a) For purposes of Sections 9-207.5, 15-1225, 15-1506, 15-1508, and 15-1701 of this Code only, the term "bona fide lease" means a lease of a dwelling unit in residential real estate in foreclosure for which:
(1) the mortgagor or the child, spouse, or parent of the mortgagor is not the tenant;
(2) the lease was the result of an arms-length transaction;
(3) the lease requires the receipt of rent that is not substantially less than fair market rent for the property or the rent is reduced or subsidized pursuant to a federal, State, or local subsidy; and
(4) either (i) the lease was entered into or renewed on or before the date of the filing of the lis pendens on the residential real estate in foreclosure pursuant to Section 2-1901 of this Code or (ii) the lease was entered into or renewed after the date of the filing of the lis pendens on the residential real estate in foreclosure and before the date of the judicial sale of the residential real estate in foreclosure, and the term of the lease is for one year or less.
735 ILCS 5/15-1224.

As addressed in our initial order, though, Plaintiff seeks an inappropriate remedy for his breach of contract claim. (*See id.* at 6.) While he drops his specific performance demand, Plaintiff still seeks an order directing Defendant to honor the subject lease. (*See* Am. Compl. ¶ 17.)

Under Illinois law, as discussed in our previous Order, a tenant has various remedies available on breach of a landlord's covenant to repair. The tenant may (1) abandon the premises if they become untenantable by reason of the breach, (2) remain in possession and recoup damages in an action for rent, (3) make the repairs and deduct the cost from the rent or sue the landlord for the cost, or (4) sue the landlord for breach of the covenant and recover the damages usually measured by the difference between the rental value of the premises in repair and out of repair. *Am. Nat. Bank and Trust Co. of Chi. v. K-Mart Corp.*, 717 F.2d 394, 398 (7th Cir. 1983) (internal citations omitted). Generally, according to Illinois law, "damages in . . . covenant to repair cases are limited to actual losses arising from the breach." *First Nat. Bank of Des Plaines v. Shape Magnetronics, Inc.*, 481 N.E.2d 953, 956, 135 Ill. App. 3d 288, 292 (1st Dist. 1985). Like in his initial complaint, Plaintiff does not seek a traditional breach of contract remedy or identify any actual losses from the alleged breach. (*See* Am. Compl.) Instead, Plaintiff asks us to declare the subject lease valid, presumably in order to clarify the parties' obligations under the lease agreement. (*See id*. ¶ 17.) An order such as this is a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."), not a remedy for a breach of contract.

Because we find that Plaintiff's breach of contract claim still does not allege actual losses and seeks only a declaratory judgment, we deny Plaintiff's motion for leave to amend Count I of the complaint. (*See* Order (Dkt. No. 31) at 6, fn.4 ("Because Plaintiff files a separate claim (Count II) seeking the same declaration, we treat the request for declaratory judgment in Count I as duplicative . . . .").) *See Bowers*, 978 F.2d at 1008; *Am. Nat. Bank and Trust Co. of Chi.*, 717 F.2d at 398.

## II. Declaratory Judgment (Count II)

Along with his breach of contract claim, Plaintiff's amended complaint seeks a declaratory judgment finding his lease "bona fide" and an order directing that Defendant must honor it. (*See* Am. Compl. ¶ 18.) Defendant does not oppose Plaintiff's motion to amend Count II and, instead, requests that we grant Plaintiff's motion to amend that count. (*See* Dkt. No. 35 at 3.)

Because Defendant consents to Plaintiff's amendment and because we find that a declaratory judgment action is the proper action to clarify the legal responsibilities of the parties, we grant Plaintiff's motion as to Count II. Fed. R. Civ. P. 15(a)(2); *Garland Office L.L.C. v. Syms Corp.*, No. 03 C 0870, 2003 WL 22019312, at *4 (N.D. Ill. Aug. 28, 2003) (denying defendants' motion to dismiss declaratory judgment claim where plaintiff properly sought a declaration that the subject lease entered into between the parties was valid and that defendants were bound to it); *Household Fin. Servs., Inc. v. N. Trade Mortg. Corp.*, No. 99 C 2840, 1999 WL 782072, at *2 (N.D. Ill. Sept. 27, 1999) ("A request to construe the language of a contract to apprise the parties of their legal rights falls within the scope of the Federal Declaratory Judgment Act."); *Lyons Sav. & Loan Ass'n v. Geode Co.*, 641 F. Supp. 1313, 1319 (N.D. Ill. 1986) ("A suit under the

Declaratory Judgment Act is appropriate for a contracting party seeking resolution of actual disputes regarding the interpretation of that contract.").

## CONCLUSION

For the reasons discussed in detail above, we grant Plaintiff's motion to amend Count II but deny Plaintiff's motion to amend Count I. It is so ordered.

                                                  *Marvin E. Aspen*
                                                  Honorable Marvin E. Aspen
                                                  United States District Judge

Dated: May 3, 2016
           Chicago, Illinois