UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MAURICE JAMES SALEM, ) <br> ) <br>     Plaintiff, ) <br>               v. ) <br> ) <br> U.S. BANK N.A., as Trustee, on Behalf ) <br> of the Holders of the J.P. Morgan ) <br> Mortgage Trust 2007-S3 Mortgage ) <br> Pass-Through Certificates, ) <br> ) <br>     Defendant. ) | Case No. 15 CV 06782 <br> Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

Presently before us is Defendant U.S. Bank National Association's ("U.S. Bank") motion for an order, pursuant to Federal Rule of Civil Procedure 67, directing Plaintiff Maurice James Salem ("Salem") to deposit rent amounts with the court. For the reasons stated below, we deny U.S. Bank's motion.

**BACKGROUND**

On February 21, 2014, Salem entered into a lease agreement with Bassam and Roula Salman, the owners of the home at 36 Silo Ridge Road North, Orland Park, Illinois. (Compl. (Dkt. No. 1) ¶ 3; *id.*, Ex. A at 3.) Salem was to pay $3,000 per month in rent. (*Id.* ¶ 3.) Shortly thereafter, on February 27, 2014, Defendant U.S. Bank initiated foreclosure proceedings against the owners of the home. (*Id.* ¶ 7). On or around April 8, 2015, U.S. Bank purchased the home at a judicial sale. (*Id.*) On March 30, 2015, Salem sent a letter to U.S. Bank, asking it to confirm that it would honor his lease agreement with the Salmans, or, alternatively, whether U.S Bank would accept his offer to purchase the home for $500,000. (*Id.* ¶ 8; *id.*, Ex. B.) Salem's letter included a check for the monthly rental payment of $3,000. (*Id.* ¶ 8.)

Salem alleges that he spoke with an assistant at U.S. Bank who indicated that U.S. Bank would not honor the lease or accept his offer to purchase the home. (*Id.* ¶¶ 10–11.) Salem then filed the present action against U.S. Bank on August 4, 2015, alleging breach of contract and seeking a declaration that the lease is a bona fide lease that U.S. Bank is obligated to honor. (*Id.* ¶ 19.) On January 19, 2016, we dismissed Salem's claims because he had insufficiently alleged that the lease at issue was "bona fide" under Illinois law. (Dkt. No. 31 at 6, 8.) On May 3, 2016, we granted Salem leave to amend his complaint as to the declaratory judgment action, (Dkt. No. 38 at 5–6), which he did on May 12, 2016, (Dkt. No. 39).

U.S. Bank filed the instant motion on October 11, 2016, requesting we order Salem to deposit all past due and future rent amounts with the court until the resolution of his action. (Mot. (Dkt. No. 47) at 2–5.) U.S. Bank contends that, as of November 1, 2016, Salem's past due rent totals $57,000, (Def.'s Reply. Br. (Dkt. No. 55) at 2), and that "*Salem has not made a single payment*, nor has Salem attempted to tender any such payment," (Mot. at 3 (emphasis in original).) U.S. Bank refuses to accept rent payments from Salem because "accepting such payments could lead to an admission as to the validity of the alleged Lease." (*Id.*)

## LEGAL STANDARD

Rule 67 provides, in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P 67(a). The purpose of rule 67 "is to relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership." *Fulton Dental, LLC v. Bisco, Inc.*, No. 15 C 11038, 2016 WL 4593825, at *2 (N.D. Ill. Sept. 2, 2016) (internal quotation marks omitted) (quoting *Engineered Med. Sys., Inc. v. Despotis*, No. 5 C 0170, 2006 WL 1005024,

at *2 (S.D. Ind. Apr. 14, 2006)). We have discretion to determine whether to grant a Rule 67 motion. *Maher Eng'g Co. v. Screwmatics of S. Carolina, Inc.*, No. 14 C 3761, 2014 WL 4979167, at *1 (N.D. Ill. Oct. 6, 2014); *Design Benefit Plans, Inc. v. Enright*, 940 F. Supp. 200, 207 (N.D. Ill. 1996) (citing *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989)). In determining whether to grant Rule 67 motions, courts have considered "whether the amount sought to be deposited [is] definite; . . . whether there would be repeated deposits that would impose an undue burden on the clerk of the court; and whether the party seeking leave to deposit the funds had demonstrated a likelihood of success on the merits." *Kansas City S. Ry. Co. v. Borrowman*, No. 09 C 3094, 2009 WL 3188305, at *4 (C.D. Ill. Sept. 30, 2009) (citing *Enright*, 940 F. Supp. at 207; *Saw Mill Broads., Inc. v. Moore*, 561 F. Supp. 1139, 1141 (S.D.N.Y 1983)).

**ANALYSIS**

U.S. Bank requests that we use our "inherent authority under Federal Rule of Civil Procedure 67" to require Salem to deposit all past due and future rents with the court, and release the funds to Salem at the resolution of this action should we determine that the lease is invalid, or release the funds to U.S. Bank should we determine that the lease is valid. *Id.* In response, Salem contends that he has "no obligation . . . to pay rent unless there is a valid Lease, which is what this Court is seeking to determine," and thus "[t]here is simply no need for an escrow account." (Pl.'s Resp. Br. (Dkt. No. 53) at 4–5.) U.S. Bank argues, however, that it is requesting Salem make those payments to the Court, not to U.S. Bank, until we decide whether the disputed lease is valid. (Def.'s Reply Br. at 2.) In that way, U.S. Bank argues, it "merely seeks to align Salem with his own interests in enforcing the lease against U.S. Bank." (*Id.* at 2–3.)

3

In cases where the relief sought is a money judgment, a party may *elect* to deposit funds within its possession with the court. Fed. R. Civ. P. 67(a) ("[A] party . . . may deposit with the court all or any part of such sum or thing."); *see also* Fed. R. Civ. P. 67 advisory committee's note to 1983 amendment ("[T]here are situations in which a litigant may wish to be relieved of responsibility for a sum or thing, but continue to claim an interest in all or part of it."). That is, Rule 67 should not be used "to require *another* party to make an *involuntary* payment to the court, when the payment is in dispute." *Despotis*, 2006 WL 1005024, at *2 (emphasis in original); *see also Lefer v. Murry*, No C 13 6, 2013 WL 932062, at *1 (D. Mont. March 8, 2013) ("The plain language of Rule 67, i.e., 'may deposit,' allows a party to voluntarily move the court to accept the deposit of funds or property; it does not contemplate use by a party to compel another to produce money or documents."). Rather, Rule 67 "benefits the party that is holding funds or property in dispute." *Qwest Corp. v. City of Portland*, 204 F.R.D. 468, 470 (D. Or. 2001). Accordingly, we decline to require Salem, over his objection and at U.S Bank's behest, to submit all past due and future rents to the court pursuant to Rule 67.

## CONCLUSION

For the above reasons, we deny U.S. Bank's motion for an order directing Salem to deposit rent amounts with the court. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 10, 2016
Chicago, Illinois

4